520

LEONARDO VIERA MÉNDEZ, Petitioner and Appellee, *v.* MUNIC-
IPAL COURT OF SAN JUAN, SECOND SECTION, Respondent;
JUAN E. VIGUIÉ, Intervener and Appellant.

No. 8943.   Argued November 9, 1944.—Decided February 13, 1945.

*Miranda & Miranda Esteve* for appellant.   *Ángel A. Vázquez* for ap-
pellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On October 11, 1943, Leonardo Viera instituted unlawful detainer proceedings in the Municipal Court of San Juan against Juan E. Viguié. It was alleged in the complaint that the plaintiff was occupying a house which was not his property nor has it been within the year preceding the filing of the complaint, and that he needed in good faith to recover possession of the property owned by him and occupied by the defendant for the immediate occupancy by his family as a dwelling. The complaint was sustained on November 3, 1943, and on the next day judgment was notified to the defendant, who took no appeal therefrom. While the order of eviction was pending, the defendant filed a motion in the municipal court wherein he stated that the allegation made in the complaint to the offect that the plaintiff claimed in good faith possession of the property in order to occupy it immediately with his family as their dwelling was false, inasmuch as on October 4, 1943, the District Court of San Juan had rendered judgment in favor of Leonardo Viera in an unlawful detainer proceeding, civil case No. R 155, brought against María widow of Sol, wherein he had made the same allegation. The defendant prayed the court to set aside the judgment entered against him and to dismiss the complaint. On December 21, 1943, after having heard the parties, the municipal court rendered a decision wherein it found that the plaintiff had not sufficiently proved the particular in question and directed the clerk not to issue the order of ejectment.

On January 1944, the plaintiff obtained in the district court a writ of certiorari annulling the decision of the municipal court which denied the issuance of the order of ejectment. The district court rested its judgment on the following grounds: 1st, that once the plaintiff had proved at the trial that he in good faith claimed possession of the property in order to occupy it as a dwelling for himself or his family, he did not have to prove again that point in order

to obtain the order of ejectment; 2d, that it did not appear from the certified copy of the judgment in the case against María widow of Sol that the defendant was occupying the apartment from which she was being dispossessed as her dwelling; and 3rd, that the decision rendered by the municipal judge was not supported by law.

Section 621 of the Code of Civil Procedure, as amended by Act No. 14, 1941 (Spec. Sess. Laws, p. 44), provides that no proceeding shall be sustained to recover the possession of real property in the urban and rural districts of any municipality or of the Government of the Capital of Puerto Rico, where the action brought is on the ground that the contract has expired and the owner of record of the building, being a natural person, fails to establish to the satisfaction of the court that he has occupied a house which is not his property nor has it been within the year preceding the commencement of the action, and seeks in good faith to recover possession of the same for the immediate and personal occupancy by himself or his family as a dwelling. The same Section provides that "In a proceeding to recover the possession of real property in said urban or rural municipal districts on the ground that the term of lease has expired, an order of ejectment shall not be issued unless the plaintiff establishes to the satisfaction of the court that the proceeding is one mentioned in the exceptions enumerated in this section."

As we have already seen, the element of good faith in seeking to recover possession of the property for the immediate and personal occupancy by himself or his family as a dwelling must be necessarily proved in order for the action of the plaintiff to lie. Plaintiff herein, aware of that fact, made that false allegation, thereby fraudulently obtaining a judgment which otherwise he would not have obtained. Where a judgment is obtained by means of fraud, the court which entered it does not lose its jurisdiction to annul the same, even after the time for appeal has expired.

The nullity thereof may be sought in the same suit on a motion to that effect or by bringing an action in a competent court to annul the judgment. *Hazel-Atlas Co.* v. *Hartford Co.,* 322 U. S. 238.

The fact that it did not appear from the certified copy of the judgment of the district court, in the proceeding against María widow of Sol, that the defendant occupied the apartment as her dwelling is immaterial. She could have been occupying the apartment for any other purpose, but when plaintiff claimed it in order to occupy the same for himself or his family as a dwelling, his bad faith was manifest, since at the same time he alleged in the complaint herein that he sought to recover the house occupied by defendant for the same purpose, when only one dwelling is sufficient for that purpose.

Under the circumstances of this case, the municipal judge should have set aside the judgment of unlawful detainer, but his failure to do so did not deprive him of jurisdiction to direct the clerk not to issue the order of ejectment.

The judgment of the District Court of San Juan of March 2, 1944, annulling the decision of the Municipal Court which prohibited the issuance of the order of ejectment should be reversed and another entered instead denying the petition for certiorari.